E-FILED
Friday, 12 February, 2010 11:58:25 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIAM HAMMOUD,
   Plaintiff,

vs.                                  No. 10-1003

CORRECTIONAL OFFICER PHISER, et al.,
   Defendants.

## CASE MANAGEMENT ORDER

      This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The pro se plaintiff participated by telephone conference call.

      The plaintiff has filed this lawsuit pursuant to *Bivens v.Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), claiming his constitutional rights were violated at the Federal Correctional Institution in Pekin, Illinois. The plaintiff has named five defendants including Lieutenant Wallace and Officers Phisher, Ort, Sperry, and Dixon.

      The plaintiff says he was working with local F.B.I officials when Officer Phiser began telling other inmates that he was working with law enforcement officials. The plaintiff says Defendants Ort, Sperry and Dixon joined in spreading rumors that the plaintiff was a snitch. The plaintiff says he told Defendant Wallace, but nothing was done to stop the actions of the officers. The plaintiff says they intentionally put his life in danger.

      While the actions alleged are reprehensible, the plaintiff has not articulated a violation of his constitutional rights. In *Saunders v. Tourville*, 2004 WL 874781 (7th Cir. April 19, 2004), an inmate alleged that officers violated his Eighth Amendment by spreading rumors that he was a snitch, putting him at risk of assault and failing to take steps to secure his safety. The inmate argued that this was the kind of deliberate indifference to a substantial risk of serious harm that the Supreme Court condemned in *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). However, the Seventh Circuit stated that the risk of an assault was not enough. "The standard in this circuit is clear: an inmate who suffers only a risk of physical harm has no compensable claim under the Eighth Amendment." *Saunders,* 2004 WL 874781 at 1; *See also Babcock v. White*, 102 F.3d 267, 272 (7th Cir.1996).

      It is conceivable that actions of corrections personnel could create a condition of confinement, labeling the plaintiff as an informant and cooperating witness for the FBI, that would

1

pose a substantial risk of harm to his physical safety. If that is the plaintiff's theory, then he should articulate it in the amended complaint that is called for in this order. See, generally cases dealing with humane conditions of confinement and intentionally exposing the inmate to physical harm.

The plaintiff also says the defendants began a campaign of retaliation against him. However, even thought the plaintiff has laid out a chronology of events in his complaint, it is not clear from the complaint what prompted the retaliation. During the merit review hearing, the plaintiff was asked what started the retaliation and he said he did not know. He said Defendant Pfisher simply did not like him from the beginning. The court asked the plaintiff if he had filed grievance, and he stated that he was waiting for a response.

To state a retaliation claim, the plaintiff need only allege that he was engaged in conduct protected by the First Amendment (such as filing a grievance), and that the defendants retaliated against him BECAUSE of that conduct. *See Walker v Thompson,* 288 F.3d 1005 (100809) (7th Cir. 2002). The plaintiff makes no such claim in his complaint.

The plaintiff also says Defendant Phisher violated his Eighth Amendment rights when she was deliberately indifferent to his serious medical condition. The plaintiff says he began to have chest pains and anxiety attacks, but the defendant ignored him and refused him medical care. The plaintiff says when he finally did receive medical attention it lead to his current transfer for medical care. The plaintiff will need to provide more information during the discovery process, but for the purposes of notice pleading, the court finds the plaintiff has stated a violation of his Eighth Amendment rights.

To prove his Eighth Amendment claim, the plaintiff must pass both an objective and a subjective test. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The first prong of the test requires the plaintiff to demonstrate that the alleged deprivation was sufficiently serious. *Id*.

The second prong of the Eighth Amendment test requires the plaintiff to show that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(citing *Farmer* at 840-42) Inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. *Forbes v. Edgar,* 112 F.3d, 262, 267 (7th Cir. 1997). In addition, "an inmate who complains that delay in medical treatment rose to constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Langston v Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996).

The only surviving claim in the plaintiff's complaint is that Defendant Phisher was deliberately indifferent to his serious medical condition in violation of the Eighth Amendment. If the plaintiff believes he can adequately allege other claims, he may file a motion for leave to file an

amended complaint with a proposed amended complaint attached. The amended complaint must stand complete on its own without reference to the original complaint. This prevents confusion over intended claims and defendants.

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims: Defendant Phisher was deliberately indifferent to his serious medical condition in violation of the Eighth Amendment.**

**2) All other claims based on federal law, other than those set forth in paragraph one above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. Therefore, the Clerk of the Court is directed to dismiss Defendants Ort, Dixon, Sperry and Wallace.**

**3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**6) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**7) The plaintiff is reminded that he must immediately inform the court of any change in his mailing address or phone number. If the plaintiff fails to provide this information to the court, his case may be dismissed.**

Entered this 12th Day of February, 2010.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE